IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAMUEL C. ENRIQUEZ,

    Plaintiff,

v.                                    Case No. 24-cv-805 DHU/JFR

DONA ANA COUNTY
DETENTION CENTER, *et al.,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Timothy Barraras' and Dona Ana County Detention Center's Motion to Dismiss Plaintiff's Claims on Statute of Limitations Grounds (Doc. 3) ("Motion to Dismiss"), filed August 16, 2024. Plaintiff is proceeding *pro se* and is incarcerated. Plaintiff filed a response to the Motion to Dismiss on September 12, 2024, and Defendants filed a reply on November 4, 2024. (Docs. 4, 7). Also before the Court is Plaintiff's Motion for Pretrial Conference (Doc. 9), filed February 10, 2025. Having considered the parties' briefing, record of the case, and relevant law, the Court grants the Motion to Dismiss in part, denies the Motion for Pretrial Conference, and orders Defendants to Answer Plaintiff's Complaint.

### Background

Plaintiff alleges that on February 27, 2020, while he was housed at the Dona Ana County Detention Center ("DACDC"), he was "attacked and physically battered" by inmate Corey Lee Willis. (Doc. 1-1) at 2. He alleges the attack was done in concert with about four other men acting with Willis and resulted in numerous injuries. After the attack, DACDC issued a "keep away order" requiring jail staff to keep Willis away from Plaintiff. *Id.* Plaintiff states he was housed in a different cell block from Willis as a result of the keep away order. He further alleges

that on May 27, 2021, "[e]ach Defendant was working at DACDC," "[e]ach Defendant knew about the DACDC keep away order concerning the Plaintiff and Corey Lee Willis," and "each defendant was deliberately indifferent to the … keep away order and did place Corey Lee Willis into cell block C1 with the Plaintiff." *Id.* at 3. Plaintiff states he was again attacked by Willis on May 27, 2021, resulting in serious injuries including head lacerations and a concussion. *Id.*

Plaintiff filed his Complaint in the Third Judicial District Court on May 29, 2024, bringing claims against Defendants for deprivation of his federal constitutional rights under the 14th Amendment. (Doc. 1-1). He states that "[e]ach Defendant was employed as a jail guard at the time of the incident," "was acting under the color of law," and "was acting in his personal and individual capacity." *Id.* at 1-2. Plaintiff further states that each Defendant was trained prior to allowing them to work at the jail, and the DACDC "security policies and procedures did not allow each Defendant to expose Plaintiff to physical harm." *Id.* at 2. Plaintiff seeks "damages in an amount to be determined at jury trial." *Id.* at 3-4. Defendants removed the case to this Court on August 12, 2024, on the basis of federal question jurisdiction. (Doc. 1).

**<u>Defendants' Motion to Dismiss</u>**

In their Motion to Dismiss, Defendants Bararas and DACDC contend Plaintiff's claims are barred by New Mexico's three-year statute of limitations for civil rights claims. (Doc. 3) at 2. They state that the "latest date Plaintiff was eligible to file a claim would have been May 27, 2024" while Plaintiff's Complaint was filed on May 29, 2024. *Id.*

Plaintiff responds that the Complaint was timely filed because he is being held at the Northeast New Mexico Correctional Facility and he "placed the Complaint, a free process application, and summons into the prison legal mail system with sufficient postage on May 6,

2024." (Doc. 4) at 1. He states that pursuant to the prison mailbox rule, his Complaint was filed within three years of the May 27, 2021 date of the incident. *Id.*

In their reply brief, Defendants maintain that "without the benefit of discovery, it appears that Plaintiff's Complaint is barred by the statute of limitations." (Doc. 7) at 1. Nevertheless, Defendants state that "[a]ssuming without admitting" Plaintiff placed his Complaint in the prison legal mail on May 6, 2024, the Complaint is time-barred as to any act or damage arising out of conduct prior to May 6, 2024. *Id.* at 2. Therefore, Defendants ask the Court to dismiss Plaintiff's February 27, 2020 claim for damages as barred by the statute of limitations. *Id.*

Although the statute of limitations is an affirmative defense, failure to file suit within the applicable limitations period may be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "For section 1983 actions, state law determines the appropriate statute of limitations and accompanying tolling provisions." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). The Tenth Circuit has held that the appropriate statute of limitations for Section 1983 claims in New Mexico is three years. *Jackson v. City of Bloomfield*, 731 F.2d 652, 653 (10th Cir. 1984). "Federal law, however, determines the date on which the claim accrues and the limitations period starts to run." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Thus, to determine the accrual date of Plaintiff's Section 1983 claims, the Court must "identify the constitutional violation and locate it in time."

*Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation omitted).

Plaintiff claims Defendants violated his constitutional rights by placing Willis in Plaintiff's cell block in violation of the keep away order. *See* (Doc. 1-1) at 3. The date of this violation is May 27, 2021. *See id.* ("On May 27, 2021 each Defendant was deliberately indifferent to the above said keep away order and did place Corey Lee Willis into cell block C1 with the Plaintiff."). Therefore, the accrual date of Plaintiff's Section1983 claims is May 27, 2021, and the statute of limitations expired for those claims on May 27, 2024.

Although Plaintiff's Complaint was signed and dated May 6, 2024, it was not filed on the docket in state court until May 29, 2024, two days after expiration of the three-year limitations period. *See* (Doc. 1-1) at 1, 4. Plaintiff was a prisoner at the time his Complaint was filed so the prisoner mailbox rule governs the Section 1983 claims' timeliness. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding that the mailbox rule applies to inmate 42 U.S.C. § 1983 filings). Pursuant to the prisoner mailbox rule, "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court." *Id.* at 1165. "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* An inmate can establish timely filing under the prisoner mailbox rule in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available; or
>
> (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.*

In response to the Motion to Dismiss, Plaintiff "declare[s] under penalty of perjury" that he placed the Complaint in the prison legal mail system with sufficient postage on May 6, 2024. (Doc. 4) at 1-2.  He further states that prison logs can be obtained and presented to the Court if necessary.  *Id.* at 2.  The Court finds Plaintiff's declaration sufficient at this stage of the case to allow Plaintiff's claims to proceed.  Accordingly, Plaintiff's Complaint, dated May 6, 2021, is timely as to his claims accruing on May 27, 2021, and the Motion to Dismiss is denied as to those claims.  The denial is without prejudice and Defendants may re-raise the issue of timeliness for the Court to consider on a full record with the benefit of discovery.   To the extent Plaintiff brings claims accruing prior to May 6, 2021, those claims are dismissed as untimely.

### Order for Answer and Addresses, and Plaintiff's Motion for Pretrial Conference

Based on Plaintiff's allegations, the Court finds the Complaint is not subject to summary dismissal under 28 U.S.C. § 1915(e) or Fed. R. Civ. P. 12(b)(6).  Defendants Timothy Barraras and Dona Ana County Detention Center have already appeared in the case, through counsel, and the Court will order those Defendants to file an answer to the Complaint (Doc. 1-1).  It appears that the remaining five Defendants have not yet been served and the Complaint does not provide addresses for them.  "[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging courts to assist in this endeavor—even when the plaintiffs are in prison."  *Washington v. Correia*, 549 F. App'x, 786, 789 (10th Cir. Nov. 26, 2013) (unpublished).  The Court will therefore require Plaintiff to provide current addresses for Defendants Brian Baker, Miguel Favela, Luis Lucero, Alan Lozano, and Joab Puente, for the purpose of serving each Defendant a notice, waiver of service form, and copy of the Complaint.

The Court will deny Plaintiff's Motion for Pretrial Conference (Doc. 9) as being prematurely filed.  The Court will enter appropriate scheduling orders once all parties have been served and entered appearances.

**IT IS THEREFORE ORDERED** that Defendant Barraras' and Dona Ana County Detention Center's Motion to Dismiss (**Doc. 3**) is **GRANTED** as to Plaintiff's claims accruing prior to May 6, 2021, and the Motion to Dismiss is **DENIED in part without prejudice** as to claims accruing after that date.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Pretrial Conference (**Doc. 9**) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants Barraras and Dona Ana County Detention Center must file an answer to the Complaint **within thirty (30) days** of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must provide current addresses for serving process on Defendants Brian Baker, Miguel Favela, Luis Lucero, Alan Lozano, and Joab Puente **within thirty (30) days** of entry of this Order.   Failure to timely comply may result in dismissal of this case as to those Defendants without further notice.

**IT IS FINALLY ORDERED** that the Clerk's Office is directed to mail Plaintiff a blank motion to proceed *in forma pauperis*.   The filing fee is already paid, but Plaintiff may need to obtain *in forma pauperis* relief if he requires assistance with service issues.   *See* Fed. R. Civ. P. 4(c)(3) (The U.S. Marshal may assist with personal service where the defendant declines to execute a waiver and plaintiff is proceeding *in forma pauperis*).

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE