IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SAMUEL C. ENRIQUEZ,**

      **Plaintiff,**

      vs.                                                       Civ. No. 24-805 DHU/JFR

**BRIAN BAKER, MIGUEL FAVELA,
LUIS LUCERO, ALAN LOZANO,
JOAB PUENTE, TIMOTHY BARRARAS,
and DOÑA ANA COUNTY DETENTION
CENTER,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on its Order to Show Cause, filed May 8, 2025. Doc. 15. Plaintiff was directed therein that "within fourteen (14) days of this Order, Plaintiff shall (a) show cause why the Court should not dismiss this case for failure to prosecute and comply with Court orders and the rules of procedure; and (b) file a response to Defendants' Motion to Dismiss (Doc. 13)."[1] *Id.* Plaintiff has not responded. The Court, therefore, recommends that Plaintiff's Complaint be dismissed without prejudice.

By way of background, on May 29, 2024, Plaintiff filed a Complaint asserting a violation of civil rights in Third Judicial District Court, Doña Ana County, State of New Mexico. Doc. 1-1. On August 12, 2024, Defendants Barraras and Doña Ana County Detention Center filed a Notice of Removal.[2] Doc. 1. On August 16, 2024, the removing Defendants filed a Motion to Dismiss on Statute of Limitation Grounds. Doc. 3. On February 25, 2025, District Judge David

---

[1] Plaintiff's Response was due by May 22, 2025; however, three days were added to the deadline because Plaintiff was served by mail. *See* Fed. R. Civ. P. 6(d) (when a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire).

[2] As of the time of removal, none of the other named Defendants had been served. Doc. 1 at 1.

H. Urias entered a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss.  Doc. 10.  Judge Urias ordered in pertinent part as follows:

> **IT IS THEREFORE ORDERED** that Defendant Barraras' and Doña Ana County Detention Center's Motion to Dismiss **(Doc. 3)** is **GRANTED** as to Plaintiff's claims accruing prior to May 6, 2021, and the Motion to Dismiss is **DENIED in part without prejudice** as to claims accruing after that date.
>
> . . .
>
> **IT IS FURTHER ORDERED** that Defendant Barraras and Doña Ana County Detention Center must file an answer to the Complaint **within thirty (30) days** of entry of this Order.
>
> **IT IS FURTHER ORDERED** that Plaintiff must provide current addresses for serving process on Defendants Brian Baker, Miguel Favela, Luis Lucero, Alan Lozano, and Joab Puente within thirty (30) days of entry of this Order.  Failure to timely comply may result in dismissal of this case as to those Defendants without further notice.

Doc. 10 at 6 (emphasis in original).  On March 12, 2025, Defendants Barraras and Doña Ana County Detention Center timely filed their Answer and a Jury Demand.  Docs. 11, 12.  On March 25, 2025, Defendants Barraras and Doña Ana County Detention Center filed a Motion to Dismiss Pursuant to Rule 12(b)(6).[3]  Doc. 13.

Pursuant to Judge Urias's Order, Plaintiff had until March 27, 2025, to provide current addresses for serving process on Defendants Brian Baker, Miguel Favela, Luis Lucero, Alan Lozano, and Joab Puente.  Plaintiff failed to do so.  Additionally, pursuant to D.N.M.LR-Civ. 7.4(a) and Fed. R. Civ. P. 6(d), Plaintiff's response to Defendants' Motion to Dismiss (Doc. 13) was due by no later than April 11, 2025.  Plaintiff failed to file a response.  Thus, on May 8, 2025, the Court entered the Order to Show Cause now before the Court.

---

[3] Defendants assert that Plaintiff's claims are barred by qualified and sovereign immunity, the *Heck* doctrine, the Prison Litigation Reform Act, and his failure to state a plausible legal claim under Rule 12(b)(6).  Doc. 13 at 2.

Both Fed. R. Civ. P. 41(b) and D.N.M.LR-Civ. 41.1 allow the Court to involuntarily dismiss an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating that Rule 41(b) allows involuntary dismissal *sua sponte*); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[ ] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedures in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay."). "Employing Rule 41(b) to dismiss a case without prejudice ... allows the plaintiff another go" at prosecution or compliance; "accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Here, Plaintiff has failed to participate in this litigation for many months, despite the filing of pleadings that required him to respond to preserve his alleged claims. Plaintiff has also failed to comply with the Court's Order to Show Cause. The Court therefore recommends that Plaintiff's Complaint be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute this action and failure to comply with a court order. *Olsen*, 333 F.3d at 1204 n. 3. Such dismissal will be without prejudice; accordingly, the Court "may, without abusing its discretion, enter such an order without attention to any particular procedures," such as evaluation of the *Ehrenhaus* factors. *Nasious*, 492 F.3d at 1162; *Ehrenhaus*, 965 F.2d at 921.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**