IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL C. ENRIQUEZ,

      **Plaintiff,**

      vs.                                                      Civ. No. 24-805 DHU/JFR

**BRIAN BAKER, MIGUEL FAVELA,
LUIS LUCERO, ALAN LOZANO,
JOAB PUENTE, TIMOTHY BARRARAS,
and DOÑA ANA COUNTY DETENTION
CENTER,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendants Barraras and Doña Ana County Detention Center's Motion to Dismiss Pursuant to Rule 12(b)(6), filed March 25, 2025. Doc. 13. Plaintiff has not responded. Nonetheless, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Having examined the allegations in Plaintiff's Complaint, the Court finds Plaintiff has failed to state a claim for relief and recommends that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND

On May 29, 2024, Plaintiff filed a Complaint asserting a violation of civil rights in Third Judicial District Court, Doña Ana County, State of New Mexico. Doc. 1-1. He alleges therein

---

[1] By an Order of Reference filed August 4, 2025, the Honorable David H. Urias referred this matter to the undersigned to conduct hearings as warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 20.

that on February 27, 2020, he was "attacked and physically battered" by fellow inmate Corey Lee Willis ("Willis"). Doc. 1-1 at 2. Plaintiff alleges the attack was done in concert with about four other men acting with Willis and resulted in numerous injuries. *Id.* Plaintiff alleges that after the February 27, 2020, attack, the Doña Ana County Detention Center ("DACDC") issued a "keep away order" requiring jail staff to keep Willis away from Plaintiff and that he was thereafter housed in a different cell block from Willis in compliance with that order. *Id.* at 3. Plaintiff alleges that fifteen months later, on May 27, 2021, Willis was placed in his cell block where he "again attacked the Plaintiff" which resulted in Plaintiff sustaining serious injuries. *Id.* Plaintiff's Complaint alleges deprivation of his federal constitutional rights on the grounds that each of the named Defendants were deliberately indifferent to the "keep away order" and failed to protect him from harm when they allowed Willis into his cell block. Doc. 1-1.

On August 12, 2024, Defendants Barraras and DACDC filed a Notice of Removal.[2] Doc. 1. On August 16, 2024, the removing Defendants filed a Motion to Dismiss on Statute of Limitation Grounds. Doc. 3. On February 25, 2025, District Judge David H. Urias entered a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss. Doc. 10. Judge Urias ordered in pertinent part as follows:

> **IT IS THEREFORE ORDERED** that Defendant Barraras' and Doña Ana County Detention Center's Motion to Dismiss **(Doc. 3)** is **GRANTED** as to Plaintiff's claims accruing prior to May 6, 2021, and the Motion to Dismiss is **DENIED in part without prejudice** as to claims accruing after that date.
>
> . . .
>
> **IT IS FURTHER ORDERED** that Defendant Barraras and Doña Ana County Detention Center must file an answer to the Complaint **within thirty (30) days** of entry of this Order.
>
> **IT IS FURTHER ORDERED** that Plaintiff must provide current addresses for serving process on Defendants Brian Baker, Miguel Favela, Luis Lucero, Alan

---

[2] As of the time of removal, none of the other named Defendants had been served. Doc. 1 at 1. They remain unserved.

2

> Lozano, and Joab Puente within thirty (30) days of entry of this Order. Failure to timely comply may result in dismissal of this case as to those Defendants without further notice.

Doc. 10 at 6 (emphasis in original). On March 12, 2025, Defendants Barraras and DACDC timely filed their Answer and a Jury Demand. Docs. 11, 12. On March 25, 2025, Defendants Barraras and DACDC filed a Motion to Dismiss Pursuant to Rule 12(b)(6).[3] Doc. 13.

Pursuant to Judge Urias's Order, Plaintiff had until March 27, 2025, to provide current addresses for serving process on Defendants Brian Baker, Miguel Favela, Luis Lucero, Alan Lozano, and Joab Puente. Plaintiff failed to do so. Additionally, pursuant to D.N.M.LR-Civ. 7.4(a) and Fed. R. Civ. P. 6(d), Plaintiff's response to Defendants' Motion to Dismiss (Doc. 13) was due by no later than April 11, 2025. Plaintiff failed to file a response.

On May 8, 2025, the Court entered the Order to Show Cause directing Plaintiff that "within fourteen (14) days of this Order, Plaintiff shall (a) show cause why the Court should not dismiss this case for failure to prosecute and comply with Court orders and the rules of procedures; and (b) file a response to Defendants' Motion to Dismiss (Doc. 13)." Plaintiff did not timely respond.[4] *Id.*

On June 9, 2025, the Court entered Proposed Findings and Recommended Disposition ("PFRD"), recommending that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute and to comply with the Court's orders. Doc. 16. Shortly after the Court entered its PFRD, the Clerk's office docketed Plaintiff's untimely Response to Order to Show Cause. Doc. 17. Plaintiff explained in his Response that he had been unsuccessful in his attempts to

---

[3] Defendants assert that Plaintiff's claims are barred by qualified and sovereign immunity, the *Heck* doctrine, the Prison Litigation Reform Act, and his failure to state a plausible legal claim under Rule 12(b)(6). Doc. 13 at 2.

[4] Plaintiff's Response was due by May 22, 2025; however, three days were added to the deadline because Plaintiff was served by mail. *See* Fed. R. Civ. P. 6(d) (when a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire).

locate the unserved Defendants and requested the Court allow discovery to assist him in doing so. *Id.* at 1-2. Plaintiff also explained that he had not received a copy of Defendants' Motion to Dismiss and requested the Court provide him a copy so he could respond. *Id.* at 2. Having reviewed Plaintiff's Response, the Court entered an Order Regarding Response to Order to Show Cause (Doc. 18) directing the Clerk's Office to withdraw the Court's PFRD and to mail Plaintiff a copy of Defendants' Motion to Dismiss and granting Plaintiff an extension of time to respond to Defendants' Motion to Dismiss until Friday, July 11, 2025.[5] Doc. 18. Plaintiff has failed to respond.

In their Motion to Dismiss, Defendants seeks dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that (1) the DACDC is an improper party to the lawsuit; (2) Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) Plaintiff's Complaint fails to meet the *Iqbal* plausibility standard. Doc. 13. The Court addresses each argument in turn.

## II.     LEGAL STANDARDS

### A.     Motions to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert by motion the defense of failure to state a claim upon which relief can be granted. In deciding a motion to dismiss premised on Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Twombly*, 550 U.S at 555-56. While the facts in the complaint need not be detailed, they must be sufficient to allow the Court

---

[5] The Court also denied without prejudice Plaintiff's request for discovery explaining that Defendants' Motion to Dismiss, if granted, would dispose of Plaintiff's claims. Doc. 18 at 2, fn. 2.

4

to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration, internal quotation marks, and citation omitted). Indeed, "[c]onclusory allegations are not entitled to the assumption of truth." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (internal quotation marks and citation omitted).

In deciding a motion to dismiss challenging the legal sufficiency of a complaint, the Court generally must exclude extraneous material or convert the motion to one for summary judgment. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). "A district court may, however, consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (internal quotation marks and citation omitted). Moreover, the Court may take judicial notice of its own files and records in deciding this type of motion. *Tellalabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007); *see Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006). Judicial notice of court filings is particularly helpful in situations where a motion to dismiss invokes preclusion doctrines. *See, e.g.*, *Nichols v. Danley*, 266 F. Supp. 2d 1310, 1312 (D.N.M. 2003).

**B.      Eighth Amendment**

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting

*Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *see id.* at 833 ("[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners from violence at the hands of other prisoners."). The Eighth Amendment prohibits conduct that is "sure or very likely to cause serious injury at the hands of other inmates." *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2002).

The Eighth Amendment is violated when prison officials act with deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 825, 828. An Eighth Amendment claim must satisfy two requirements. "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). This second requirement is subjective, rather than objective: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Causation is also a necessary element of a § 1983 claim of deliberate indifference. *Daniels v. Gilbreath,* 668 F.2d 477, 488–89 (10th Cir. 1982); *see also Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (explaining that a plaintiff must prove that indifference was the actual and proximate cause of the deprivation of the inmate's Eighth Amendment right to be free from cruel and unusual punishment).

C.   **Liberal Construction of *Pro Se* Filings**

The pleadings of a *pro se* plaintiff are "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991). Courts "make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and brackets omitted). Also, a *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall*, 935 F.2d at 1110.

However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. Thus, courts cannot "supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on [his] behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). Further, the *pro se* plaintiff needs "no special legal training to recount the facts surrounding his alleged injury," and so, as with any other plaintiff, his "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. Finally, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 830.

### III.   ANALYSIS

#### A.   A Detention Center Is Not A Suable Entity Under 42 U.S.C. § 1983.

In their Motion, Defendants first argue that the Court should dismiss Plaintiff's claims against DACDC because a detention center is not a suable entity under 42 U.S.C. § 1983. For the reasons discussed below, the Court agrees.

To sue a state entity under the United States Constitution, one must bring a § 1983 claim. That section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United

>States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.  To state a claim under the statute, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  A municipality or other local governmental body is a "person" within the meaning of the statute.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

However, the Tenth Circuit has ruled that "a detention facility is not a person or legally created entity capable of being sued."  *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished); *see also Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983").  Additionally, this district has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." *Apodaca v. New Mexico Adult Prob. and Parole*, 998 F.Supp.2d 1160, 1190 (D.N.M. 2014); *see also Gallegos v. Bernalillo Cty. Bd. of Cty. Commissioners*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017) (holding that a detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983.").

Accordingly, the Court finds that because DACDC is a detention facility and not a "person" under 42 U.S.C. § 1983, Plaintiff may not sue DACDC pursuant to § 1983.  As such, Plaintiff's Complaint as to DACDC fails to state a claim upon which relief can be granted.  The Court, therefore, recommends that the Court dismiss with prejudice Plaintiff's claims against DACDC.

B. *<u>Heck v. Humphrey</u>*

Defendants next argues that Plaintiff's claims of deliberate indifference/failure to protect as alleged in his Complaint are precluded by the *Heck* doctrine. Doc. 13 at 3-5. Defendants explain that "[t]he principle established in *Heck* is that a prisoner-plaintiff may not assert civil claims that necessarily challenge the validity of an outstanding criminal conviction." *Id.* Here, Defendants argue that Plaintiff's Complaint omits the critical fact that Plaintiff "killed Willis [during the May 27, 2021, altercation] and was later convicted of second-degree murder by a jury on August 17, 2022."[6] Doc. 13 at 1. Defendants argue that if the Court were to find that Defendants were deliberately indifferent and failed to protect Plaintiff from being attacked, as Plaintiff alleges in his Complaint, that finding would directly contradict the jury's second-degree murder verdict which precludes a theory of self-defense and affirms Plaintiff's use of unjustified deadly force. *Id.* at 3-4. Defendants argue, therefore, that because a civil ruling in Plaintiff's favor would undermine his second-degree murder conviction, his claims are impermissible under *Heck*.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court addressed the issue of when a person convicted of a state criminal charge may bring a § 1983 claim relating to his conviction or sentence. The Court held that when such a person seeks damages in a § 1983 suit, the district court must consider whether a judgment in his favor would necessarily imply the

---

[6] Defendants attached a copy of the State of New Mexico, County of Dona Ana, Third Judicial District Court, September 30, 2022, Judgment and Sentence, and New Mexico Court of Appeals, June 26, 2023, Memorandum Opinion affirming Plaintiff's conviction for second-degree murder. *See St. Louis Temple, Inc.,* 605 F.2d at 1172; *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (in evaluating a 12(b)(6) motion to dismiss the court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (explaining that "if a plaintiff does not incorporate by reference or attach such a document to its complaint, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss); *see also See St. Louis Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts may take notice of proceedings in other courts, both within and outside of the federal judicial system).

invalidity of the underlying conviction. *Id.* at 487. If a judgment in the plaintiff's favor would necessarily imply the invalidity of that conviction, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* If, however, the court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action is not premature and should be allowed to proceed. *Id.* *Heck* is analogous to collateral estoppel in this way: "an issue determined with finality in a full and fair adjudicative proceeding (and essential to the decision in that proceeding) cannot be reopened in a subsequent case." *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citations omitted).

In this case, a favorable decision on Plaintiff's claims, all of which are premised on his allegations that Defendants were deliberately indifferent to the "keep away order" and failed to protect him when Willis was placed into the same cell block with him, would overturn the Sentence and Judgment of the New Mexico State District Court and the New Mexico Court of Appeals' Memorandum Opinion affirming Plaintiff's second-degree murder conviction. Indeed, in finding Plaintiff guilty of second degree murder, the jury was instructed in pertinent part that:

> [T]he state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant killed Corey Willis;
>
> 2. The defendant knew that his acts created a strong probability of death or great bodily harm to Corey Willis;
>
> 3. The defendant did not act as a result of sufficient provocation;
>
> 4. The defendant did not act in self-defense;
>
> 5. This happened in New Mexico on or about the 27th day of May, 2021.

Court's Instructions to the Jury, No. 3 (*State of New Mexico v. Samuel Chavez Enriquez*, No. D-307-CR-202100455, State of New Mexico, County of Dona Ana, Third Judicial District, August 17, 2022).[7] Thus, for Plaintiff to prevail on his claims now before this Court that Defendants were deliberately indifferent to his safety, Plaintiff would have to negate elements of the jury's second-degree murder conviction by proving he acted with sufficient provocation and in self-defense. *Heck*, however, prohibits Plaintiff from challenging these essential elements of his criminal conviction in a civil rights action.

Based on the foregoing, the Court finds that Plaintiff's claims of deliberate indifference and failure to protect pursuant to § 1983 are barred under *Heck* and that Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court, therefore, recommends that the Court dismiss with prejudice Plaintiff's claims against Defendants.

### C. Plaintiff's Complaint Fails to Meet the *Iqbal* Plausibility Standard

Last, Defendants seek dismissal of Plaintiff's Complaint arguing it fails to meet the *Iqbal* plausibility standard because it lacks specific factual allegations linking either Defendant Barraras or DACDC to any actionable misconduct and instead relies on vague, conclusory assertions that do not provide the necessary factual foundation to support a plausible claim for relief. Doc. 13 at 5-6. The Court agrees.

*Iqbal* establishes that a complaint must contain sufficient factual allegations to state a claim that is plausible on its face and requires more than mere conclusory statements or "threadbare recitals of the elements of a cause of action." 556 U.S. at 678. Additionally, the Tenth Circuit has emphasized the necessity for plaintiffs to specify "who did what to whom" to satisfy the pleading standard. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Here,

---

[7] *See St. Louis Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts may take notice of proceedings in other courts, both within and outside of the federal judicial system).

Plaintiff does not allege any specific facts to show that Defendants were personally involved in the decision to reassign Willis to Plaintiff's cell block and instead broadly alleges that "each Defendant was deliberately indifferent to the above said keep away order."  This is insufficient.  Allegations of "personal participation in the specific constitutional violation complained of [are] essential" to imposing liability under § 1983.  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability . . . must be based on personal involvement in the alleged constitutional violation.").  "To establish personal participation, Plaintiff must show that each individual defendant caused the deprivation of a federal right."  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Based on the foregoing, the Court finds that Plaintiff's claims asserted against Defendants should be dismissed pursuant to Fed. R. Civ. P. 8.  The Court further finds that allowing Plaintiff to amend would be futile given the Court's finding that Plaintiff's claims are barred pursuant to the *Heck* doctrine.  "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir.1999), *quoted in Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, the Court recommends that Defendants' Motion to Dismiss (Doc. 13) be **GRANTED** and that Plaintiff's Complaint be dismissed with prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**